[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT #111
On January 4, 1995, the plaintiff, George J. Sicona also known as George J. Sigona, filed a one count amended complaint against the defendant, Nationwide Mutual Insurance Company, Inc. The plaintiff holds an insurance policy for uninsured motorist benefits with the defendant. The amended complaint alleges that on May 26, 1993, the plaintiff was injured when the motor vehicle in which he was riding was struck by Domingos Cabeleira; that Cabeleira was negligent in causing the accident; that he was uninsured; and that despite proper CT Page 1656-A demand, the defendant has not compensated the plaintiff for his injuries.
On January 13, 1995, the defendant filed an answer and two special defenses to the plaintiff's amended complaint. In its answer, the defendant denies that Cabeleira was negligent and also denied that Cabeleira was uninsured.
On November 1, 1994, the plaintiff filed a motion for summary judgment for liability only. The plaintiff filed a memorandum in support of the motion, his affidavit, the police report, and correspondence between the plaintiff and Camillo Villanova's insurance company. The defendant has not responded to the plaintiff's motion.
Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v. Dickmont Plastics Corporation,229 Conn. 99, 105 (1994). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin,
CT Page 1656-B208 Conn. 606, 616 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v.Dickmont Plastics Corporation, supra, 105-06. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446 (1984).
The plaintiff has not presented other evidence that the court can consider on a motion for summary judgment. The correspondence is unverified. The police report of the investigating officer is not admissible against the defendant because it contains hearsay. SeeFogarty v. Rashaw, supra, 193 Conn. 442; See also Practice Book § 381. The plaintiff's affidavit could not resolve "`the mixed question of fact and law' of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether he had a reasonable opportunity to avoid the collision." Fogarty v.Rashaw, supra, 193 Conn. 446. The case appears to fall under our Supreme Court's ruling that negligence cases are ill suited to summary adjudication. Fogarty v. Rashaw, supra, 193 Conn. 446. CT Page 1656-C
The plaintiff has not met his burden of demonstrating the nonexistence of genuine issues of fact and, therefore, the motion for summary judgment is denied.
SAMUEL S. FREEDMAN, JUDGE